```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
           -v-                                                    :
                                                                  :       22-cr-579-01 (LJL)
RAYNER HERRERA,                                                   :
                                                                  :       MEMORANDUM AND
                                   Defendant.                     :              ORDER
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/13/2023

LEWIS J. LIMAN, United States District Judge:

The United States Probation Office recommends that the term of supervised release imposed upon Defendant Rayner Herrera be reduced by one year. For the reasons that follow, the Court grants that request and orders that Mr. Herrera's term of supervised released be reduced by one year with a new maximum date of December 15, 2024.

On December 16, 2021, Judge David N. Hurd of the United States District Court for the Northern District of New York sentenced Mr. Herrera to time served (consisting of approximately 40 months' imprisonment) to be followed by a term of supervised release of four years. The term of supervised release began on December 16, 2021, the date of the sentencing. On October 27, 2022, pursuant to 18 U.S.C. § 3605, the case was transferred to the Southern District of New York and assigned to the undersigned.

Section 3583(e)(1) of Title 18 empowers the Court to terminate a term of supervised release at any time after the expiration of one year of a supervised release term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). The Court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). In short, the Court is required to consider the factors in Section 3553(a), "which bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Gonzalez*, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, cmt. (n.5) (2021). In particular, "exceptionally good behavior by the defendant" on supervised release may "render a previously imposed term or condition of release . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

Mr. Herrera has demonstrated exceptionally good behavior on supervised release. The early termination of his term of supervised release is in the interests of justice. It is consistent with the factors under Section 3553(a) that the Court is required to consider. The Southern

District of New York Probation Office offered Mr. Herrera the opportunity to join a RISE Court[1] and he agreed.  Mr. Herrera regularly attended the RISE sessions, obtained employment, remained drug-free, and participated in mental health counseling.  He has been employed first as a maintenance worker at a tax preparation firm and then, after he obtained his license, as an Uber livery driver.  He also volunteered for extra-credit opportunities, participating in a community service event organized by the RISE Court program at a food market in the Bronx.  He earned enough credits to graduate from the RISE program as of July 2022—one of the first members of his cohort to complete the requirements.  Impressively, he chose nonetheless to attend two subsequent sessions in order to support his colleagues.

The recommendation is supported by the presiding judge of the RISE Court in which Mr. Herrera participated.

Mr. Herrera has gone beyond demonstrating "generally good behavior and reintegration into society," *United States v. Shellef*, 2018 WL 3199249, at *2 (E.D.N.Y. Jan. 9, 2018) (Bianco, J.), and mere compliance with the terms of his supervised release, *see United States v. Linick*, 2023 WL 3570664, at *1–2 (E.D.N.Y. May 18, 2023).  "He has been not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to [the community]." *United States v. Erskine*, 2021 WL 861270, at *2 (S.D.N.Y. Mar. 8, 2021) (Chin, J., sitting by designation).  By December 15, 2024, he will have served three quarters of the term of supervised release imposed by Judge Hurd.  At that point, supervision would be "no longer necessary" for him.  *Id.*

The recommendation of the United States Probation Office is accepted and Mr. Herrera's term of supervised release is ordered terminated as of December 15, 2024.


SO ORDERED.

Dated: September 13, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] The RISE Court (Reentry through Intensive Supervision and Employment) is a special court of the Southern District of New York dedicated to assuring the successful reentry into society of men and women on supervised release who are considered at highest risk of recidivism.  It does so through initiatives that encourage self-awareness and employment and through periodic meetings with the presiding RISE Court judge for a period of approximately one year.  The goal of the RISE Court is to enable graduates to desist from criminal behavior and to lead secure and useful lives.  *See* The RISE Court: A Re-Entry Court For Individuals On Supervised Release, www.nysd.uscourts.gov/programs/rise_court (last visited September 13, 2023).