```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
         -v-                                                   :
                                                               :        22-cr-579-01 (LJL)
RAYNER HERRERA,                                                :
                                                               :        MEMORANDUM AND
                              Defendant.                       :              ORDER
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2023

LEWIS J. LIMAN, United States District Judge:

Defendant Rayner Herrera moves, pursuant to 18 U.S.C. § 3583(e)(1), for the immediate termination of his term of supervised release. Dkt. No. 6. He notes that his record in the RISE program[1] was exemplary, *id.* at 1, seeks the immediate termination of supervised release to be with his children who are living with their motion in Europe, *id.* at 2–3. The Court previously reduced Mr. Herrera's term of supervised release by one year and ordered it terminated as of December 15, 2024. Dkt. No. 5. The motion for a further shortening of the term of supervised release is denied.

Section 3583(e)(1) of Title 18 empowers the court to terminate a term of supervised release at any time after the expiration of one year of a supervised release term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). The Court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). In short, the Court is required to consider the factors in Section 3553(a) "which bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Gonzalez*, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. (n.5) (2021). "Early termination 'is not warranted as a matter of course.'" *United States v. Wheeler*, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States v. Fenza*,

---

[1] The RISE Court (Reentry through Intensive Supervision and Employment) is a special court of the Southern District of New York dedicated to assuring the successful reentry into society of men and women on supervised release who are considered at highest risk of recidivism. It does so through initiatives that encourage self-awareness and employment and through periodic meetings with the presiding RISE Court judge for a period of approximately one year. The goal of the RISE Court is to enable graduates to desist from criminal behavior and to lead secure and useful lives. *See* The RISE Court: A Re-Entry Court For Individuals On Supervised Release, www.nysd.uscourts.gov/programs/rise_court (last visited September 13, 2023).

2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)).  On occasion, "changed circumstances" may make it appropriate for a court to reduce a term of supervised release.  *Lussier*, 104 F.3d at 36.  Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release, which may "render a previously imposed term or condition of release . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Id.*  However, new or changed circumstances are not required so long as the Court considers the 18 U.S.C. § 3553(a) sentencing factors.  *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam).

      Mr. Herrera was convicted of serious crimes: conspiracy to distribute and to possess with intent to distribute cocaine and fentanyl, access device fraud, and aggravated identity theft.  *See* Dkt. No. 1.  The Court is cognizant that continued supervision may carry some hardship for Mr. Herrera in terms of contact with his children, but that hardship is to a greater end—ensuring Mr. Herrera never resorts to criminal activity again.  He has met his challenges while on supervised release and it is the Court's expectation that he will continue to do so.  That said, although Mr. Herrera has done well on supervised release, the nature of his offense is such that it is the Court's judgment that the additional time on supervised release until approximately the end of the year is necessary to ensure Mr. Herrera's further rehabilitation, and to serve the goals of ensuring deterrence, public safety, proportionality, and consistency.

      SO ORDERED.

Dated: October 2, 2023  
      New York, New York

                                                  LEWIS J. LIMAN  
                                                  United States District Judge